## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-2-M |
| | ) | |
| JOHNATHAN WHITFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a) and (b) of Amendment 782 – Drug Minus Two, filed on October 6, 2014. On November 21, 2014, the government filed its response, and on December 19, 2014, defendant filed his reply.

On January 7, 2009, defendant was indicted by the grand jury and charged with possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On May 11, 2009, defendant pled guilty to the indictment. On February 5, 2010, the Court held a sentencing hearing, found that defendant's sentencing guideline range was 188-235 months of imprisonment, and imposed a downward-variant sentence of 100 months of imprisonment. Defendant now moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 782.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has held that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3682(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Further, § 1B1.10(b) of the United States Sentencing Guidelines provides:

(b) <u>Determination of Reduction in Term of Imprisonment</u>. –

 (1) <u>In General</u>. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

 (2) <u>Limitation and Prohibition on Extent of Reduction</u>. –

  (A) <u>Limitation</u>. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

  (B) <u>Exception for Substantial Assistance</u>. – If the term of imprisonment imposed was less than

the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) <u>Prohibition</u>. – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10(b).

Applying Amendment 782's revisions to the case at bar, defendant is now accountable for approximately 4,454 kilograms of marijuana equivalent, resulting in a base offense level of 32. Applying defendant's original criminal history category of III to his new total offense level of 32 yields a revised guideline range of 151 to 188 months of incarceration. Because defendant's original sentence of 100 months of incarceration is less than the 151 month minimum of the revised guideline range and because defendant did not receive a reduction for substantial assistance, the Court finds defendant is not eligible for a sentence reduction.

Accordingly, the Court DENIES defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a) and (b) of Amendment 782 – Drug Minus Two [docket no. 86]. The AO 247 Form denying defendant's motion is filed simultaneously herewith.

**IT IS SO ORDERED this 21st day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE